UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BETTY JO GOODMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3-14-2047 |
| v. ) | Senior Judge Haynes |
| ) | |
| NATIONSTAR MORTGAGE, LLC; ) | |
| SHAPIRO & KIRSCH, LLP, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (Docket Entry No. 13) to deny Plaintiff's notice to the Clerk to show cause why an order claiming default judgment should not be entered for the Plaintiff (Docket Entry No. 3) and to grant Defendants' motion to dismiss (Docket Entry No. 6). Plaintiff filed a motion for extension of time to file a response (Docket Entry No. 16), but now has filed a notice of voluntary dismissal (Docket Entry No. 17) under Fed. R. Civ. P. 41(a)(1)(A)(i).

Voluntary dismissals by a plaintiff are governed by Federal Rule of Civil Procedure 41(a)(1)(A) that provides, in pertinent part, that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." "Unless the notice . . . states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). A court order is not required, and the notice of dismissal is effective as of the date filed. Warfield v. AlliedSignal TBS Holdings, Inc., 267 F.3d 538, 541 (6th Cir. 2001) ("[The plaintiff's] unilateral notice was the legally operative act of dismissal pursuant to Rule 41(a)(1)(i), making the district court's subsequent order to the same effect superfluous."); Aamot v.

Kassel, 1 F.3d 441, 445 (6th Cir. 1993) ( "[A] Rule 41(a)(1) notice of dismissal is self-effectuating, leaving no basis upon which a District Court can prevent such a dismissal."); see also Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) ("Under Rule 41(a)(1), a plaintiff has an absolute right voluntarily to dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. . . . Even if the defendant has filed a motion to dismiss, the plaintiff may terminate his action voluntarily by filing a notice of dismissal under Rule 41(a)(1).") (citation omitted).

Further, "[t]he right to dismiss under 41(a)(1)(A)(i) is not extinguished by the reference of the action to a magistrate, even when the magistrate holds an evidentiary hearing or recommends a dismissal on the merits." 8 James Wm. Moore, Moore's Federal Prac. § 41.33[5][c][I] (Matthew Bender 3d ed.) at 41-77; see Foss v. Federal Int'l Credit Bank of St. Paul, 808 F.2d 657, 658-660 (8th Cir. 1986) (notice of dismissal effective even though the magistrate conducted an evidentiary hearing and issued a recommendation and proposed order that the complaint lacked merit and should be dismissed); Cooney v. William Robinson Dairy, Inc., 744 F. Supp. 841, 843 (N.D. Ill. 1990) (permitting voluntary dismissal without prejudice although magistrate had already recommended a dismissal on the merits); Cribbs v. Case, No. 1:11–cv–713, 2012, WL 4356776, at *2 (W.D. Mich. Sept. 24, 2012) (declining to consider magistrate judge's recommendation to dismiss on the merits where the notice of voluntary dismissal's "effect was self-executing and rendered superfluous the merits-based analysis of [plaintiff's] claims against [defendants] . . . ."); but see Davis v. Bexley Police Dept., No. 2:08–cv–750, 2009 WL 414269, at *1-2 (S.D. Ohio Feb. 17, 2009) (denying a prisoner plaintiff's notice of voluntary dismissal filed after the magistrate judge had recommended that the prisoner plaintiff's complaint be dismissed as frivolous or malicious under 28 U.S.C. §

1915(e)(2)(B) based upon the principle that a prisoner may not avoid the consequences of the three strikes provision in 28 U.S.C. § 1915(g)); Sumner v. Tucker, 9 F. Supp.2d 641, 644 (E.D. Va. 1998) ("It would frustrate the purpose of Section 1915(g) if an inmate was allowed to exploit this system by filing a meritless action and waiting until after it was reviewed to move for its dismissal.").

Accordingly, the Report and Recommendation (Docket Entry No. 13) is **SET ASIDE as moot**, and Plaintiff's notice to the Clerk to show cause why an order claiming default judgment should not be entered for the Plaintiff (Docket Entry No. 3), Defendants' motion to dismiss (Docket Entry No. 6), and Plaintiff's motion for extension of time to file a response (Docket Entry No. 16) are **DENIED as moot.** The Court, however, notes the Magistrate Judge's warning that "Plaintiff is perilously close to incurring [sanctions]" and that "this last filing certainly presses that limit." (Docket Entry No. 13 at 6-7). This action is **DISMISSED without prejudice**.

This is the Final Order in this action.

It is so **ORDERED**.

**ENTERED** this the 26th day of February, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge